UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

HARRY W. ANDREWS,
ADC #83824                                                                                        PLAINTIFF

V.                                         2:15CV00073 JM/JTR

WENDY KELLEY,
Director, ADC, et al.                                                                           DEFENDANTS

**RECOMMENDED PARTIAL DISPOSITION**

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.  Introduction

Plaintiff, Harry W. Andrews, is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC'). He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *Doc. 5.*

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) Plaintiff be allowed to proceed with his retaliation claim against Defendants ADC Director Kelley, Warden Lay, Classification Officer Westbrook, Classification Officer Green-Davis, and Captain Ford; and (2) all other claims and Defendants be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

### A. Retaliation Claim

Plaintiff is in protective custody at the EARU. He alleges that Defendants Kelley, Lay, Westbrook, Green-Davis, and Ford have "punished" or retaliated against him for requesting protective custody by forcing him to reside in administrative segregation where he is required to be remain in his cell for the majority of the day and be shackled and handcuffed every time he is removed from his cell, even though he is not a security risk or disciplinary problem. *Id. at 4*. The Court concludes, *for*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

*screening purposes only*, that Plaintiff has pled a viable retaliation claim against Defendants Kelley, Lay, Westbrook, Green-Davis, and Ford. Thus, they should be served.

**B.     Failure to Protect Claim**

Plaintiff alleges that Defendants are subjecting him to a substantial risk of harm by allowing prison guards to escort him directly in front of administrative segregation cells containing inmates who could reach through the bars to stab him or throw bodily fluids on him. *Doc. 5.* Importantly, Plaintiff does *not* allege that any of those administrative segregation inmates are on his enemy alert list or otherwise pose a specific threat of harm to him, as opposed to any other prisoner who passes their cell doors. *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (to plead a viable failure to protect claim, an inmate must allege facts suggesting defendants knew of and disregarded a substantial risk of serious harm). In fact, Plaintiff has not plead any facts to support his conclusory and highly speculative assertion that he could, theoretically, be harmed while walking past administrative segregation cells. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"). Thus, he has

failed to plead a viable failure to protect claim.

**C.     Due Process Claim**

Plaintiff contends that Defendants violated his due process rights by refusing to enforce ADC policies that prohibit the punishment of inmates seeking protective custody. *Id.* It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997). Thus, Plaintiff has failed to plead a viable due process claim.

**D.     Equal Protection Claim**

Plaintiff makes the conclusory allegation that Defendants have "discriminated" against him. *Id. at 8.* He, however, has not provided any facts to support that bare allegation. *See Iqbal*, 556 U.S. at 678. More importantly, Plaintiff *admits* that he is being treated similarly to the other inmates in protective custody at the EARU. Thus, Plaintiff has failed to plead a viable equal protection claim. *See Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008) (holding that, to plead a viable equal protection claim, a prisoner must allege facts suggesting that he was treated differently from similarly situated prisoners, and that there was no rational basis for doing so); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (same).

**E.     Defendants Parker and Bean**

Plaintiff's Substituted Complaint does not name or contain any factual allegations against Defendant Mental Health Supervisor Veronica Bean. *Doc. 5.* Thus, she should be dismissed, without prejudice, from this action.

In contrast, Plaintiff alleges that he wrote Defendant Mental Health and Programs Administrator Robert Parker several letters complaining about the conditions of his confinement in protective custody. However, Plaintiff has not pled any facts suggesting that Defendant Parker had the authority to change those conditions or otherwise take any other corrective action in response to those complaints. Thus, Plaintiff has failed to plead a viable claim against Parker.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff be allowed to PROCEED with his retaliation claim against Defendants Kelley, Lay, Westbrook, Green-Davis, and Ford.

2.  All other claims and Defendants be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

3.  Service be ordered on Defendants Kelley, Lay, Westbrook, Green-Davis, and Ford

4.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be

taken in good faith.

Dated this 24th day of July, 2015.

                                                                        _____
                                                                         UNITED STATES MAGISTRATE JUDGE